# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 18, 2009 Session

## JAMES E. DYER, Individually, and as Administrator of the Estate of FAYE E. DYER, Deceased  v. HILL SERVICES PLUMBING AND HVAC

### Direct Appeal from the Chancery Court for Shelby County
#### No. CH-05-2304      Walter L. Evans, Chancellor

_____

### No. W2009-00687-COA-R3-CV - Filed January 7, 2010

DAVID R. FARMER, J., Partial Dissent.

I concur with the majority with one exception.  The majority holds that by failing to notify Mr. Dyer of his right to convert, Hill Services was the cause of any damages resulting from the first policy not being converted.  The majority goes on to say that "[t]he final element of a negligence action is damages.  In a case where the duty to notify of the right to convert has been breached, damages equal the amount the insurance policy would have been converted to."  The majority reverses the decision of the trial court finding that there was no duty to notify Mr. Dyer of the right to convert, and remands for an evidentiary hearing on the issue of damages.

However, the majority further states that no evidence is found in the record on what the converted coverage would be.  After reviewing the record, I agree with the majority that the Plaintiff, Mr. Dyer, rested his case before the trial court without proving damages. Having failed to do so when he had the opportunity before the trial court, I would hold that Mr. Dyer failed to prove his damages and would not allow him a second bite at the apple.

_____

DAVID R. FARMER, JUDGE